### Asa K. Potter *vs.* Daniel H. Arnold and James McGowan, Copartners.
### Same *vs.* Same.

The Rhode Island Statute of Frauds, Pub. Stat. R. I. cap. 204, § 7, by its terms applies to "any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer time than one year."

*Held,* that the statute covers contracts for the assignment of leasehold interests.

*Semble,* that this would be so if the statute stood alone. But it is made certain by Pub. Stat. R. I. cap. 24, § 9, which provides: "The word 'land' or 'lands,' and the words 'real estate,' may be construed to include lands, tenements, and hereditaments, and rights thereto and interests therein."

Of these actions, one was *assumpsit* and the other trespass on the case for deceit. They were heard together by the court, jury trial being waived in each.

*Francis Colwell & Walter H. Barney,* for the plaintiff.

The statute of frauds of this state does not extend to the *transfer* but only to the *making* of a lease. Since it is a statute taking away a remedy, it is to be construed strictly, and is not to be extended beyond its plain terms. *Smith* v. *Spooner,* 3 Pick. 229.

The use by the legislature of the words peculiar to our statute, "or the *making of any lease* thereof for a longer time than one year," is significant, and must be considered to have expressed a purpose different from the English statute, the first part of which is like ours, but the last part radically different, — "sale of lands, tenements, or hereditaments, *or any interest in or concerning the same.*" See *Ewing* v. *Tees,* 1 Binn. 450.

The distinction between the transfer and the making of a lease is clear and unmistakable, and there is much reason in the statute extending to the latter and not to the former; since in *making* a lease the length of time, the amount of rent, when it shall be payable, and numerous conditions and covenants on each side, have to

be settled upon ; while, in the *transfer* of a lease already *made*, all these have been determined, and there is no more need of a memorandum to prevent fraud or perjury than in the sale of any other piece of personal property. In a case like the present, such an extension of the statute would work a fraud instead of preventing one.

James M. Ripley & Nathan W. Littlefield, for the defendant.

July 17, 1886. DURFEE, C. J. These cases are tried to the court on both law and fact, jury trial being waived. The first is *assumpsit* for goods sold and delivered, and goods bargained and sold. In support of it the plaintiff submitted testimony to show that, in the early part of March, 1885, he was owner of certain buildings on leased land in the city of Providence and of machinery therein, which was let by the month to one Mencke ; that he was also lessee of the land under a lease which had two years and about nine months to run, and which contained covenants of renewal and for removal of buildings ; that he then entered into an oral agreement with the defendants to sell them the said buildings and machinery, together with the lease, the buildings for $6,000, and the machinery as scheduled for $2,000, the $6,000 to remain on mortgage for a year if the defendants desired ; and that it was further agreed in regard to the machinery that the parties should go over the lot together, checking off the machinery found, and, if any was missing, that the price should be abated accordingly. Possession was to be given April 1, 1885, or earlier if the plaintiff could get possession earlier. The defendants were desirous of making certain alterations and repairs to fit the buildings for their uses, and were permitted by the plaintiff, the tenant consenting, to enter and commence making them about March 14th. On March 27th, the plaintiff and the defendants went to the building to compare the machinery with the schedule, and the defendants then ascertained that certain machines which they supposed, when they offered to purchase, were among the machines scheduled, belonged to the tenant, and that other inferior machines, placed where they did not attract notice, were those scheduled. On the same day the defendants notified the plaintiff by letter that they should proceed no further.

One of the points which has been much contested is whether the

building and machines were ever delivered under the contract. The testimony on this point is somewhat contradictory. We do not think it necessary to recite it in detail. We are of the opinion that there was no such delivery, the defendants having been let into possession simply for the purpose of making the repairs, with the expectation that the agreement would be carried out. We think the testimony shows that both parties understood that the agreement was to be performed on both sides at the same time. The defendants never meant to take the buildings and machinery without an assignment of the lease, and the assignment of the lease, though written and signed, was never delivered. As written, it purported to convey not only the lease or leasehold estate, but also the buildings. The defendants testify that no key was ever given them. Some of Mencke's machines remained in the building March 27th.

If the plaintiff can recover, it is only under the count for goods bargained and sold. The defendants oppose recovery under this count on several grounds, one of which is this, namely, that the contract is entire and includes not only a sale of the buildings and machinery, but also of the lease or leasehold interest, and, being oral, is within the statute of frauds. It was early held that the English statute of frauds extends to agreements for the assignment of a lease. *Anonymous,* Vent. 361; *Poultney* v. *Holmes,* 1 Stra. 405; Browne on the Statute of Frauds, § 230. The English statute differs in language somewhat from ours. The language of the clauses relating to contracts concerning real estate in the English statute is, " any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them." The language in ours is, " any contract for the sale of lands, tenements, and hereditaments, or the making of any lease thereof for a longer time than one year." The plaintiff contends that, by reason of the omission of the words " or any interest in or concerning them," our statute is more limited in scope than the English statute, and that our statute, although it extends in express terms to any contract for the making of a lease for longer than a year, does not extend to a contract for an assignment of the lease after it has been made, leasehold interests being technically only chattel interests. We do not think it has generally been supposed that our statute is

changed in meaning from the English by the omission. Mr. Browne, in his book on the Statute of Frauds, expresses the opinion that the words " lands, tenements, and hereditaments " embrace all that can be embraced by the other phrases, the other phrases being used *ex majore cautelâ ;* and, to show that the words are not to receive a technical construction, he instances the seventh section of the English statute relating to trusts, in which the language is simply " lands, tenements, and hereditaments," and which, nevertheless, has been construed to extend to trusts in leasehold interests, such interests being in popular parlance regarded as real rather than personal estate. Browne on the Statute of Frauds, § 228, and notes. The words " or any interest in or concerning them " are omitted in the statutes of some of the other states. The statutes of Mississippi and Tennessee are the same as ours. In New Hampshire and Indiana the language is, "any contract for the sale of land" or " lands." In Kentucky and Texas the language is, " any contract for the sale of real estate, or any lease thereof for a longer term than one year." We know of no state except Texas in which it has been held that the omission of the words " or any interest in or concerning them " has narrowed the meaning. Mr. Browne, whose careful study of the subject would have led him to know of any other, if any there were, mentions none. Contracts for the sale of leasehold interests, though such interests are technically only chattel interests, are within the mischiefs intended to be guarded against by the statute. There are in this State leases of land to be built upon, running for long periods with covenants of renewal, which are of very great value. We should therefore hesitate to hold that our statute does not extend to contracts for the sale of leasehold interests, if we had nothing but its language to guide us. But our statute, " Of the construction of statutes," provides, " The word ' land ' or ' lands ' and the words ' real estate ' may be construed to include lands, tenements, and hereditaments, and rights thereto and interests therein." Pub. Stat. R. I. cap. 24, § 9. This, it seems to us, relieves the question of any doubt, and makes it incumbent on us to hold that our statute extends to contracts for the sale of leasehold interests. It follows, the contract being entire, that the action cannot be main-

tained. Browne on the Statute of Frauds, §§ 140, 141; *Lea* v. *Barber*, 2 Anst. 425, note.

The second action is an action on the case charging the defendants with falsely entering into the contract with intent to injure the plaintiff, and thereby, and by means of other false and fraudulent representations, obtaining the removal of the tenant and admission to the buildings to make alterations, which they made to the great damage of the plaintiff. The evidence does not support the action. We think the defendants entered into the contract in good faith, and did not decide to recede from it until they learned that certain machines which they supposed were included in the sale belonged to the tenant. It is incredible that they would have incurred the expense which they did incur in making the alterations, namely, between $200 and $300, if they did not originally intend·to carry out the contract.

*Judgment in both cases for the defendants for costs.*